NO. 07-04-0087-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 24, 2004

_____

IN RE STATE OF TEXAS, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL JJ.

**MEMORANDUM OPINION**

The State of Texas, relator, has filed a petition for writ of mandamus by which it requests that we compel the Honorable Ron Enns, Judge of the 69th District Court of Dallam County, respondent, "to vacate his order granting [Thaxton's] Motion to Enforce Plea Agreement. In the alternative, the State asks us to order respondent "to enter an appealable order, and to stay further proceedings [in cause number 3676] in the trial court until such time as an appeal on the issue is decided." We deny the petition as moot.

On May 30, 2001, Brenda Thaxton was indicted for abandoning a child in cause number 3540 for her part in the death of her two year old son at the hands of her boyfriend

and co-defendant, Nathan Felder.  As part of a plea agreement, the State agreed to recommend to the court that Thaxton be sentenced to ten years confinement in exchange for her guilty plea and pledge to testify "truthfully in conformity with the oral and written statements she gave to investigators" in the capital murder case against Felder.

In October of 2002, Thaxton, accompanied by her attorney, provided a tape-recorded statement to investigators.  Following the interview, prosecutors spoke with the attorney and voiced their reluctance to utilize Thaxton's testimony at trial and expressed their concern that she was not "being completely forthcoming and truthful."  On November 14, 2002, the grand jury returned a new indictment against Thaxton for injury to a child in cause number 3676.  The State then filed, and the court granted, a motion to dismiss the abandoning a child case, cause number 3540, on the basis that the "case has been re-indicted in Cause Number 3676."

In July of 2003, Thaxton filed a motion in cause number 3540 to enforce the plea agreement and requested "that the Court grant this motion and accept [Thaxton's] plea in accordance with this agreement, including the dismissal of case no. 3676 . . . . "  At a pretrial hearing, the State responded that, because the plea offer was withdrawn prior to its acceptance by the trial court, no plea bargain existed for the court to enforce.  The State further argued that the court had no jurisdiction to reinstate a case it had previously dismissed.  On December 30, 2003, the court sent a letter to the parties indicating that it had "determined that the Motion to Enforce Plea Agreement by [Thaxton] should be

2

granted." Deeming the letter to constitute an order dismissing cause number 3676, the State filed a notice of appeal with this Court in January of 2004 seeking a reversal of the court's decision.[1]  On February 23, 2004, the trial court signed an order granting Thaxton's motion to enforce the plea agreement.  Respondent, on March 3, 2004, set cause number 3676 for a plea hearing on March 24, 2004.  This petition for writ of mandamus, along with a petition for writ of prohibition, ensued.

On March 22, 2004, this Court conditionally granted the State's petition for writ of prohibition, finding that "the setting of a docket call for cause number 3676 by the trial court [was] a proscribed intrusion upon the jurisdiction of this Court."  The proceedings below were subsequently stayed.  Thus, to the extent that this petition for writ of mandamus seeks to "stay further proceedings in the trial court," it is moot.  Furthermore, on this day this Court has resolved the State's direct appeal in cause number 07-04-0032-CR by vacating the trial court's order granting Thaxton's motion to enforce the plea agreement. That resolution moots the remaining portion of the State's petition.

Accordingly, the State's petition for writ of mandamus is denied.

Don H. Reavis
Justice

---

[1]Assuming *arguendo* that the court's December 30, 2003 letter granting appellee's motion to enforce the plea agreement was not an order from which an appeal could be predicated, the State's premature filing would be deemed to be filed on the same day, but after the appealable order was signed by the trial court, in this case, on February 23, 2004. Tex. R. App. P. 27.1(b).

3